CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-0465V

|  |  |
|---|---|
| SHOSHANA ROBUCK, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 18, 2024 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On April 20, 2020, Shoshana Robuck filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her on January 25, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 21, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On April 17, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $62,920.00 (comprised of $62,500.00 in pain and suffering and $420.00 in past unreimbursable expenses). Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $62,920.00 (comprised of $62,500.00 in pain and suffering and $420.00 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| **SHOSHANA ROBUCK**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-465V **(ECF)** |
| v. | ) | Chief Special Master Corcoran |
| | ) | |
| **SECRETARY OF HEALTH** | ) | |
| **AND HUMAN SERVICES,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 20, 2020, Shoshana Robuck ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on January 25, 2019.  Petition at 1.  On September 20, 2021, petitioner filed a Motion for  Ruling on the Record.  ECF No. 24.  On October 22, 2021, respondent filed his Response, and on October 29, 2021, petitioner filed a Reply.  ECF Nos. 26, 27.  On August 21, 2023, the, Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[1]  ECF No. 31.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 21, 2023, entitlement decision.

I.      **Items of Compensation**

      A.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$62,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      B.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$420.00**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following: **a lump sum payment of $62,920.00, in the form of a check payable to petitioner**.[2]

                              Respectfully submitted,

                              BRIAN M. BOYNTON
                              Principal Deputy Assistant Attorney General

                              C. SALVATORE D'ALESSIO
                              Director
                              Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings, and future pain and suffering.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone: (202) 616-4181
debra.begley@usdoj.gov

Dated:  April 17, 2024